UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GIL,<br><br>        Plaintiff,<br><br>   v.<br><br>S. SPAULDING, et al.,<br><br>        Defendants. | No. 2:16-cv-0587 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se, in this civil rights action for relief pursuant to 42 U.S.C. § 1983. On May 12, 2017, plaintiff filed a document styled "Objection to Defendants' Answer to the Complaint Pursuant to Federal Rules and Civil Procedure Rule 12." (ECF No. 36.) Plaintiff claims he opposes and objects to the answer on the grounds that it is ambiguous and vague, and requests that the answer be dismissed and the court "rule that there be a trial." (ECF No. 36 at 2.) Plaintiff relies on <u>Pliscou v. Holtville Unified School Dist.</u>, 411 F. Supp. 842, 850 (S.D. Cal. Feb. 13, 1976), claiming the answer "does not provide explicit standards for its enforcement." (ECF No. 36 at 1, 2.) Defendants construe plaintiff's filing as a request to strike the answer, and argue it should be denied because plaintiff does not provide any authority for the requested relief.

////

////

1

Plaintiff's filing is not entirely clear.  However, to the extent plaintiff is attempting to file a reply to defendants' answer, such effort is unavailing.  Rule 7(a) of the Federal Rules of Civil Procedure provides:

> (a) Pleadings.  Only these pleadings are allowed:
>
> (1) a complaint;
>
> (2) an answer to a complaint;
>
> . . .
>
> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to reply to defendants' answer and declines to make such an order.

To the extent plaintiff attempts to strike defendants' answer, such attempt is similarly unavailing.  Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings.  Id.; Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (same) (citation omitted).  Motions to strike are disfavored, "because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic."  Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Here, plaintiff fails to demonstrate that the court should strike the answer.  Plaintiff does not allege that the answer is redundant, immaterial, impertinent, or scandalous.  In any event, the court finds that the answer does not meet such criteria.  Moreover, the Pliscou case, upon which plaintiff relies, did not address a motion to strike an answer or affirmative defenses.  Id., 411 F. Supp. at 842.  Rather, in Pliscou, the court addressed a high school student's request for a preliminary injunction enjoining the school district from interfering with the publication of an official student newspaper.  Id.  Nothing in Pliscou supports a request to strike an answer under Rule 12(f).  In his objection, plaintiff mentions a motion to dismiss, but no motion to dismiss has been filed in this action.  Plaintiff's complaint was not dismissed for failure to state a claim; rather, defendants have filed an answer, and the court has issued its discovery and scheduling order.  If dispositive motions are addressed in plaintiff's favor, the case will be set for trial.

Finally, as argued by defendants, plaintiff fails to provide support for his requested relief. Thus, to the extent plaintiff requests the court strike defendants' answer, such request should be denied.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's request to strike defendants' answer (ECF No. 36) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/gil0587.77e